Matter of Weissman (2020 NY Slip Op 03755)





Matter of Weissman


2020 NY Slip Op 03755


Decided on July 2, 2020


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

 Rolando T. Acosta, Presiding Justice, Rosalyn H. Richter, Angela M. Mazzarelli, Troy K. Webber, Lizbeth González, Justices.


M-1620

[*1]In the Matter of Mark D. Weissman, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Mark D. Weissman, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Mark D. Weissman, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 8, 1989.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Michael S. Ross, Esq., for respondent



PER CURIAM.


Respondent Mark D. Weissman was admitted to the practice of law in the State of New York by the Second Judicial Department on February 8, 1989. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.
On June 12, 2019, respondent was convicted, upon his plea of guilty, in the United States District Court for the Eastern District of New York, of conspiracy to obstruct an official proceeding in violation of 18 USC §§ 1512(c)(2) and 1512(k), a felony. On January 29, 2020, respondent was sentenced to four years' probation, 300 hours of community service, and fined $45,000. Respondent's conviction stemmed from his efforts to persuade a relative, convicted of securities fraud, to make a monetary payment to a convicted codefendant, thereby impeding the execution and enforcement of a multi-million dollar restitution judgment that was entered against both of them in the criminal securities action.
The Attorney Grievance Committee (AGC) seeks an order determining that respondent's conviction for conspiracy to obstruct an official proceeding is a "serious crime" as defined by Judiciary Law § 90(4)(d); immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90(4)(f) and the Rules for Attorney Disciplinary Matters (22 NYCRR) §§ 1240.12(b)(2)(ii) and (c)(2)(ii); and directing respondent to show cause before a referee appointed by this Court why a final order of censure, suspension or disbarment should not be made pursuant to Judiciary Law § 90(4)(g) and 22 NYCRR 1240.12(c)(2) (i) and (iv). Respondent joins in the AGC's request for an order deeming his conviction a "serious crime," does not oppose the imposition of an interim suspension and, pursuant to 22 NYCRR 1240.12(c)(2)(iii), he requests that this matter be referred to a referee for a sanction hearing.
Judiciary Law § 90(4)(d) defines a "serious crime" in pertinent part as follows:
"any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state..."
The AGC argues that respondent's conviction for conspiracy to obstruct an official proceeding under 18 USC §§ 1512(c)(2) and 1512(k) meets the above definition of a "serious crime." 15 USC § 1512 provides in pertinent part -
"(c) [w]hoever corruptly —
(2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be [guilty of a felony]."
15 USC § 1512(k) provides -
"[w]hoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy."
There does not appear to be any precedent in which this Court has found the above statutory language facially similar to a New York felony warranting automatic disbarment. Therefore, the AGC correctly argues that respondent's conviction meets the definition of a "serious crime" under Judiciary Law § 90(4)(d), as it is a nonanalogous felony.
Concerning its request for an interim suspension, the Committee points out that Judiciary Law § 90(4)(f) provides that upon receipt of a record indicating that an attorney has been convicted of a "serious crime," this Court will suspend the attorney until a final order is issued, and under 22 NYCRR 1240.12(c)(2)(ii), once a "serious crime" determination has been made —
"the Court may suspend the respondent pending final disposition unless such a suspension would be inconsistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice..."
Moreover, this Court has held that during the pendency of a "serious crime" proceeding, it is appropriate to suspend an attorney who has been convicted of a felony (see Matter of Lindenbaum, 165 AD3d 53 [1st Dept 2018]; Matter of Cohen, 140 AD3d 67 [1st Dept 2015).
Accordingly, the AGC's petition should be granted, the offense of which respondent has been convicted deemed to be a "serious crime" within the meaning of Judiciary Law § 90(4)(d) and respondent is immediately suspended from the practice of law under Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12. Respondent is directed to show cause before a referee appointed by the Court, pursuant to Judiciary Law § 90(4)(g) and 22 NYCRR 1240.12, which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension, or disbarment should not be made.
All concur.
Order filed. [July 2, 2020]
The Committee's motion to deem the crime of which respondent has been found guilty to be a "serious crime" within the meaning of Judiciary Law § 90(4)(d) is granted and respondent is suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending have been concluded, and until further order of this Court. Respondent is directed to show cause as to why a final order of censure, suspension or disbarment should not be made before a Referee appointed by this Court, who shall hold a hearing and issue a report and recommendation to this Court.